**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,
    Plaintiff

           v.                                    Case No. 8:99-cr-00322-SCB-MSS

MARIO GRANADOS-RUIZ,
    Defendant

## <u>ORDER</u>

This matter comes before the Court on Raul Granados-Ruiz's Rule 36 Motion to consider his eligibility for an early disposition program and to grant him a four (4) level sentence reduction.

### I)     Background

On August 19, 2002, Mario Granados-Ruiz pled guilty to a charge of conspiracy to distribute five kilograms or more of cocaine. (Doc. No. 24). Granados-Ruiz was sentenced on October 21, 2002 to 160 months of incarceration. (Doc. No. 27). When he finishes his sentence, Granados will be deported to his home country of Colombia. (Doc. No. 290 at 1).

More than nine years after Granados-Ruiz was sentenced, Deputy United States Attorney General James M. Cole issued a memorandum announcing the expansion of the immigration fast-track program ("Program") to all judicial districts in the United States. Mem. from Deputy Attorney General James M. Cole to U.S. Attorneys (Jan. 31, 2012), *available at* http://www.justice.gov/dag/fast-track-program.pdf (the "Cole Memorandum"). Fast-track immigration programs were created in the mid-1990s in states along the United States' border with Mexico in response to overwhelming caseloads of immigration offenses plaguing district

1

courts in these areas. <u>U.S. v. Jimenez-Perez</u>, 659 F.3d 704, 706 (8th Cir. 2011); <u>U.S. v. Morales-</u>

<u>Chaires</u>, 430 F.3d 1124, 1127 (10th Cir. 2005). The Program allows eligible defendants to

receive shortened sentences in return for forfeiting certain rights. <u>U.S. v. Marcial-Santiago</u>, 447

F.3d 715, 718 (9th Cir. 2006). Defendants participating in the Program must waive both the

right to appeal and to collaterally challenge their sentences, except that defendants may file a

collateral challenge related to ineffective assistance of counsel. <u>U.S. v. Melendez-Torres</u>, 420

F.3d 45, 52 (1st Cir. 2005); Cole Memorandum at 3-4. Additionally, those taking part in the

Program may not file certain pre-trial motions and must admit to the factual basis of the

offense(s); U.S. Attorneys may also impose additional procedural requirements not specifically

identified in the Cole Memorandum. Cole Memorandum at 3-4. The rationale behind the

Program is:

> a defendant who promptly agrees to participate in such a program saves the government significant and scarce resources that can be used to prosecute other defendants, and that a defendant who receives a fast-track departure has demonstrated an acceptance of responsibility above and beyond what is already taken into account by the adjustments contained in the Sentencing Guidelines.

Cole Memorandum at 1.

In 2003, Congress passed legislation directing the United States Sentencing Commission

to adopt policies that allow district court judges to depart downward from the sentencing

guidelines when the Government moves to include a defendant in a fast-track program. Pub. L.

No. 108–21, 117 Stat 650 (2003). The Sentencing Commission thus enacted a guideline that

allows a sentencing court to "depart downward not more than 4 levels pursuant to an early

disposition program authorized by the Attorney General of the United States and the United

States Attorney for the district in which the court resides." U.S.S.G. § 5K3.1.

**DISCUSSION**

On June 11, 2012, Granados-Ruiz submitted the instant motion to include him in the Program and to consequently reduce his sentence. (Doc. No. 32). At the onset, the Court notes that Granados-Ruiz has improperly couched his request as a Rule 36 Motion; this rule allows a court to correct clerical mistakes at any time. Fed. R. Crim. P. 36. Thus, it provides recourse, for example, when a court's oral order is improperly transmitted to writing, but courts cannot use it "to make a substantive alteration to a criminal sentence," as is suggested here. U.S. v. Pease, 331 F.3d 809, 816 (11th Cir. 2003); U.S. v. Portillo, 363 F.3d 1161, 1165 (11th Cir. 2004). Nonetheless, the Court will consider the merits of Granados-Ruiz's motion. For the reasons stated herein, the motion is **DENIED**.

**II)    Motion to Consider Eligibility for Fast Track Program**

Granados-Ruiz's motion to consider his eligibility for the Program described in the Cole Memorandum must fail for a host of reasons. These are that a) it is not the decision of the sentencing court whether a particular defendant may participate in the Program; b) policies of the Justice Department ("Department") are neither given the weight of law nor apply retroactively; c) Granados-Ruiz has not demonstrated he would be selected to participate in the Program; and d) granting the motion would defeat the specifically articulated purpose of the Program.

A)  The Government must move for a defendant to be included in the Program

As a threshold matter, the plain language of the Cole Memorandum and the Sentencing Guidelines makes clear that it is the Government's request that permits a court to grant a

downward sentencing departure for eligible defendants.[1] Cole Memorandum at 4; U.S.S.G. §

5K3.1; <u>see also</u> <u>U.S. v. Miranda-Garcia</u>, 2006 WL 1208013, at *2 (M.D. Fla. May 4, 2006) ("[O]nly

the government can file a motion for downward departure pursuant to an early disposition

program."). Defendants cannot on their prerogative request that a court place them in the

program. <u>U.S. v. Alvarez-Quiroz</u>, 2012 WL 2003501, at *2 (D. Minn. June 5, 2012) ("Defendants

are not eligible to request their sentencing Court for a fast track sentence reduction or to

compel the Government to ask for the reduction."). Therefore, Granados-Ruiz's request that

this Court include him in the Program on its own accord cannot be granted.

B) Policies of the Department of Justice are not assigned the weight of law and do not
apply retroactively

Granados-Ruiz relies on several United States Supreme Court decisions in support of his

contention that the Department's new policy should be afforded the weight of law and apply

retroactively to defendants who would like to obtain the benefits it provides. These cases

include  <u>Linkletter v. Walker</u>, 381 U.S. 618 (1965) (addressing whether the newly minted

Exclusionary Rule should apply retroactively), <u>Tehan v. United States</u>, 382 U.S. 406 (1966)

(addressing whether a ban on prosecutors' inappropriate comments should apply

retroactively), <u>Hankerson v. North Carolina</u>, 432 U.S. 233 (1977) (addressing whether the

requirement that the prosecution prove all elements of a crime beyond a reasonable doubt

should apply retroactively), <u>Brown v. Louisiana</u>, 447 U.S. 323 (1980) (addressing whether a

limitation on the authority of petite juries should apply retroactively), <u>Teague v. Lane</u>, 489 U.S.

---

[1] At one point, Granados-Ruiz does state he is requesting the U.S. Attorney for the Middle District of Florida to recommend his inclusion in the Program. It is unclear how Granados-Ruiz proposes that this Court compel the U.S. Attorney to do so.

288 (1989) (addressing whether a requirement that juries represent a fair cross section of the community should apply retroactively), and Schriro v. Summerlin, 542 U.S. 348 (2004) (addressing whether a decision requiring juries to make factual findings in capital cases should apply retroactively). Such reliance is clearly misplaced. The above-described cases concern substantive safeguards for criminal defendants announced by the Supreme Court that are of constitutional magnitude, whereas Granados-Ruiz's claim is premised on an internal policy of the Department.

Granados-Ruiz's argument would assign the policies and procedures of the Department the weight of substantive law, an arrangement the Department would surely welcome. Despite semantic similarity, there is a wholesale distinction between rules governing the interworking of a government department and those providing protection to criminal defendants required by the Constitution. See Renteria v. U.S., 2012 WL 601158, at *4 (M.D. Fla. 2012) (labeling an argument that a defendant should have been given a shorter sentence under a fast-track program as a "non-constitutional" issue). The Department's policy fits squarely into the former category, while the cases cited by Granados-Ruiz are of the latter variety.[2] Indeed, the Cole Memorandum states that it "is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal, nor does it place any limitations on otherwise lawful litigative prerogatives of the Department." Cole Memorandum at 1. Accordingly, Granados-Ruiz's contention that

---

[2]The cases cited by Granados-Ruiz all explicitly reference provisions of the Constitution. Linkletter, 381 U.S. 618 (invoking the Fourth Amendment); Teahan, 382 U.S. 406 (invoking the Fifth Amendment); Hankerson, 432 U.S. 233 (invoking the Fourteenth Amendment); Brown, 447 U.S. 323 (invoking the Sixth Amendment); Teague, 489 U.S. 288 (invoking the Fourteenth Amendment); Schriro, 542 U.S. 348 (invoking the Sixth Amendment).

precedents of the Supreme Court mandate that this Court allow his entry into the Program is

incorrect as a matter of law.[3]

C) Granados-Ruiz has not demonstrated that he would be selected to participate in the

Program

Assuming *arguendo* that the Department's new policy regarding fast-track immigration

litigation does apply retroactively and that the Court must consider his request as a matter of

law, Granados-Ruiz does not demonstrate that the Program would benefit him. The Program

specifically gives U.S. Attorneys wide-ranging discretion to consider a variety of factors when

deciding whether to use the fast-track program for a particular defendant. These factors

include:

> (1) The defendant's prior violent felony convictions (including murder,
> kidnapping, voluntary manslaughter, forcible sex offenses, child-sex offenses,
> drug trafficking, firearms offenses, or convictions which otherwise reflect a
> history of serious violent crime); (2) The defendant's number of prior
> deportations, prior convictions for illegal reentry under 8 U.S.C. § 1326, prior
> convictions for other immigration-related offenses, or prior participation in a
> fast-track program; (3) If the defendant is part of an independent federal
> criminal investigation, or if he or she is under any form of court or correctional
> supervision; or (4) With supervisory approval, circumstances at the time of the
> defendant's arrest or any other aggravating factors identified by the United
> States Attorney.

Cole Memorandum at 3. The last factor ("any other aggravating factors identified by the United

States Attorneys") makes particularly clear that U.S. Attorneys enjoy sweeping discretion in

deciding whether a particular defendant may participate. Accordingly, Granados-Ruiz cannot

demonstrate that the U.S. Attorney would have elected to move the Court to include him in the

Program.

---

[3] Even more tellingly, of the six cases involving matters of constitutional muster cited by Granados-Ruiz, the Supreme Court concluded in four of them that the underlying decisions would not apply retroactively. Linkletter, 381 U.S. 618; Teahan, 382 U.S. 406; Teague, 489 U.S. 288 Schriro, 542 U.S. 348.

Not only does the decision whether to extend the benefits of the Program to defendants

lie with U.S. Attorneys, but it is unclear whether Granados-Ruiz even meets the baseline

eligibility requirements. The Cole Memorandum states, "Districts prosecuting felony illegal

reentry cases . . . shall implement an early disposition program." Cole Memorandum at 3.

Granados-Ruiz was convicted of drug offenses. (Doc. No. 121 at 1). The Cole Memorandum

does contemplate the extension of the Program to other offenses, but it only employs the

"shall implement" language for felony illegal reentry. Cole Memorandum at 4 n. 6. This grants

U.S. Attorney even greater discretion in deciding whether to enlarge the scope of the program

to include those accused of drug offenses. This further diminishes the possibility that Granados-

Ruiz would have enjoyed any benefit under the Program had he been convicted after March 1,

2012.[4] Accordingly, even if the Cole Memorandum were to be given the force of law and apply

retroactively, Granados-Ruiz is unable to show that he would have been selected to participate.

D) Granting the motion would belie the goals of the Program

As explained earlier, the purpose of the Program and its recent expansion are to

preserve scare judicial resources. See H.R. Rep. No. 108–48 at 7 (explaining that a defendant

who "promptly agrees to participate in such a program has saved the government significant

and scarce resources.") Contrastingly, granting Granados-Ruiz's motion would belie that aim by

allowing an individual whose relationship with the justice system began over five years ago to

participate in an attempt to promote the efficient allocation of resources. Considering that this

Court is presently deciding the instant motion and thus employing judicial resources, Granados-

Ruiz's request not only defeats the purpose of the Program, but it is actively contravening it.

---

[4] While the Cole Memorandum was issued on January 31, 2012, it does mandate implementation by U.S. Attorneys until March 1, 2012.

Additionally, Granados-Ruiz filed a direct appeal of his conviction and sentence, an action specifically forfeited by those participating in the Program. Cole Memorandum at 3-4. From the perspective of defendants, the Program is essentially a judicial give and take with eligible defendants forfeiting certain rights to enjoy the benefit of a reduced sentence. See U.S. v. Rascon-Olivas, 2012 WL 695838, at * 1 (D. Minn. Feb. 28, 2012) (explaining that "Fast-track sentencing is not a one-way street."). Granados-Ruiz seeks to take advantage of the Program without relinquishing the rights that other participants must sacrifice. Such a result is clearly incompatible with the Government's motive in expanding the Program and the interests of justice.

**III)    Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that Granados-Ruiz's Rule 36 Motion to Consider his Eligibility for the Fast Track Program Under Section 5K3.1 is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 27th day of June, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record